No. 18259. Cleveland (City) v. Legal News Publishing Co.

## 37. PUBLIC ADVERTISING RATES.

This action was originally brought in the Cleveland Municipal Court, under the provisions of 286 et seq. GC, upon a finding by the Bureau of Inspection and Supervision of Public Offices, for recovery of public money. A demurrer to the answer of defendant was overruled and, upon submission of the case, judgment was rendered for the Publishing Co. The position of the parties has remained the same throughout. There is no dispute as to the facts and the sole question presented is one of law.

The facts as they appear in the pleadings are these: Sec. 63251 prescribes that publishers of newspapers shall charge $1.00 per square inch for the first insertion and fifty

## OHIO SUPREME COURT —Continued

cents per square inch for each additional insertion. Considerable advertising of the former Village of West Park (now a part of Cleveland) in defendant's newspaper had been paid for at this rate for each and every insertion, additional insertions being treated as first insertions.

The Bureau had returned finding of $1,574.81 for excessive charges upon these additional insertions. The Publishing Company admits receiving this amount, but justifies the same upon an alleged oral agreement between it and certain village officers for the payment of $1.00 per square inch for each and every insertion. It is further alleged that the City is estopped to recover back this money because there was a mistake of law on the part of both parties, and that there was no fraud or collusion upon the part of either party. It is further alleged, as a defense, that this action was barred by lapse of time.

The Court of Appeals affirmed the judgment of the Municipal Court and the City asked the Supreme Court to make an order directing said Court of Appeals to certify its record to the Supreme Court. The errors in the judgment of the Court of Appeals which plaintiff claims were prejudicial to it, are as follows:

(2) In following the case of State ex rel. v. Fronzier, 77 OS. 7, and refusing to follow State ex rel. v. Maharry, 97 OS. 27p.

(b) In holding that the case of Vindicator Printing Co. v. State, 68 OS. 362, was not applicable to the case at bar.

(c) In refusing to follow the doctrine enunciated in McCormick v. City of Niles, 81 OS. 246, that Sec. 6251 GC. fixes a maximum rate.

(d) In holding that Secs. 286 et seq. do not create new remedies, but merely shift the burden of proof.

(e) The question whether or not this action is barred by lapse of time was settled adversely to defendant in error upon the overruling of a demurrer to the petition in the Municipal Court. The statute of limitations in such a case is six years from the time the action accrued, instead of ninety days as contended for by defendant in error. State ex rel. Campbell v. Ballard, 8O. A. R. 44, is not properly raised as a defense in the answer.